UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DRAPER, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CAUSE NO.  1:06-cv-808-RLY-WTL |
| ) | |
| DA-LITE SCREEN COMPANY, INC., et al., ) | |
| ) | |
| Defendants. ) | |

**ENTRY ON MOTION TO AMEND ANSWER**

This cause is before the Magistrate Judge on the motion of Defendant Da-Lite Screen Company, Inc., ("Da-Lite") entitled Motion for Leave to File Second Amended Answer, Affirmative Defenses, and Counterclaims Addressing Additional Issues Uncovered During Discovery.  The motion is fully briefed, and the Magistrate Judge, being duly advised, **GRANTS** the motion for the reasons set forth below.

In its motion, Da-Lite seeks to amend its answer to add several additional allegations relevant to its inequitable conduct defense; specifically, it asserts that it has discovered material information about certain prior art that Plaintiff Draper, Inc., ("Draper") failed to disclose to the PTO during the application process.  Da-Lite filed the instant motion after the applicable deadline for moving to amend the pleadings; before the Court may consider whether the amendment is appropriate, Da-Lite must demonstrate that it has good cause for filing its untimely motion   See Fed.R.Civ.P. 16(b); *Trustmark Ins. Co. v. General & Cologne Life Re of America,* 424 F.3d 542, 553 (7th Cir. 2005) ("To amend a pleading after the expiration of the trial court's Scheduling Order deadline to amend pleadings, the moving party must show 'good cause.'").  Da-Lite asserts, and Draper does not dispute, that its proposed amendment is based

upon information that it has just recently obtained through discovery. Accordingly, the Magistrate Judge finds that Da-Lite has demonstrated good cause for filing its motion to amend after the deadline.

The next issue is whether Da-Lite is entitled to amend its answer. Rule 15(a) directs that leave to amend pleadings "should be freely given when justice so requires." Leave to amend generally should be granted "unless there is undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Ferguson v. Roberts*, 11 F.3d 696, 706 (7th Cir. 1993) (citation and internal quotation marks omitted). "A new claim is futile if it would not withstand a motion to dismiss." *Vargas-Harrison v. Racine Unified School Dist.*, 272 F.3d 964, 974 (7th Cir. 2001). Draper asserts that Da-Lite's proposed amendment is futile; however, its futility argument consists of disputing the factual basis of Da-Lite's assertions, not demonstrating that Da-Lite fails to state a claim. Therefore, Draper has not demonstrated that the amendments sought by Da-Lite are futile on their face.

Finally, Draper argues that two paragraphs of Da-Lite's proposed amendment "are simply an attempt by Da-Lite to portray Draper in an unfavorable light and should be stricken under Fed. R. Civ. P. 12(f) as impertinent or scandalous." However, while Draper's argument regarding the merits of Da-Lite's claims ultimately might prevail, it is not clear that the allegations contained in the paragraphs at issue are irrelevant to those claims; accordingly, there is no basis to strike the paragraphs.

Da-Lite's Second Amended Answer, Affirmative Defenses and Counterclaims, which is contained in Exhibit A to the instant motion (docket number 98) is **DEEMED FILED** as of this

date.

      SO ORDERED: February 16, 2007

_William T Lawrence_
Hon. William T. Lawrence, Magistrate Judge
United States District Court
Southern District of Indiana

Copies to:[1]

| | |
|---|---|
| Russell E. Cass<br>SIDLEY AUSTIN LLP<br>rcass@sidley.com | Richard H. Marschall<br>MICHAEL BEST & FRIEDRICH LLP<br>rhmarschall@michaelbest.com |
| Marc A. Cavan<br>SIDLEY AUSTIN LLP<br>mcavan@sidley.com | Jacob E. Miota<br>MICHAEL BEST & FRIEDRICH LLP<br>jemiota@michaelbest.com |
| Steven C. Coffaro<br>KEATING MUETHING & KLEKAMP<br>scoffaro@kmklaw.com | George E. Purdy<br>BOSE MCKINNEY & EVANS<br>gpurdy@boselaw.com |
| Charles J. Crueger<br>MICHAEL BEST & FRIEDRICH LLP<br>cjcrueger@michaelbest.com | Melanie J. Reichenberger<br>MICHAEL BEST & FRIEDRICH, LLP<br>mjreichenberger@michaelbest.com |
| Timothy M. Hansen<br>MICHAEL BEST & FRIEDRICH LLP<br>tmhansen@michaelbest.com | Thomas David Rein<br>SIDLEY AUSTIN LLP<br>trein@sidley.com |
| Donald Eugene Hasse<br>HASSE & NESBITT LLC<br>deh@hn-iplaw.com | Thomas Storrs Reynolds II<br>MICHAEL BEST & FRIEDRICH<br>tsreynolds@michaelbest.com |
| Marlee A. Jansen<br>SIDLEY AUSTIN LLP<br>mjansen@sidley.com | Sally F. Zweig<br>KATZ & KORIN<br>szweig@katzkorin.com |
| Offer Korin<br>KATZ & KORIN<br>okorin@katzkorin.com | |

---

[1] The Court notes that attorney Richard L. Creighton, Jr., of the firm Keating Muething & Klekamp has not registered for electronic notice as required by Local Rule 5.7. Pursuant to Local Rule 5.12, notice of this Entry will not be served on Mr. Creighton; it is the responsibility of his co-counsel to forward a copy of this Entry to him.